UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROLAND CARLY SAINTLOT,

   Plaintiff,

v.                                      Case No. 3:18cv2396-LC-HTC

OFFICER WHITE and
OFFICER WILLIS,

   Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1. The undersigned has screened the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and respectfully recommends that this case be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim on which relief may be granted.

**I.  Background**

The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir.

1994).  Plaintiff sues two correctional officers, White and Willis, in their individual capacities under 42 U.S.C. § 1983.  ECF Doc. 1 at 2-3.  He alleges that while he was incarcerated at Santa Rosa Correctional Institution on October 26, 2018, he was housed in a cell by himself because of his close management status.  *Id.* at 5.  That night around 8:00 p.m. he was taken out of his cell to take a shower.  *Id.*  While Plaintiff was in the shower, another inmate left the shower accompanied by Officer White.  *Id.*  The inmate wanted to enter Plaintiff's cell, and the other inmate and Officer White walked toward Plaintiff's cell.  *Id.*

Plaintiff and other inmates yelled at Officer White, warning him to not put the other inmate in Plaintiff's cell, that the other inmate was not assigned to Plaintiff's cell, and that the other inmate intended to damage and destroy Plaintiff's personal property.  *Id.*  Additionally, each cell had a "facesheet" above the door, showing a picture of the inmate who should be in each cell.  *Id.*  The facesheet showed that the cell belonged to Plaintiff, not the other inmate.  *Id.*  Despite this, Officer White "purposely ignored all of these warnings and secured the inmate in [Plaintiff's] cell." *Id*.  While he was in Plaintiff's cell, the other inmate damaged and destroyed most of Plaintiff's personal property such as a radio, legal work, magazines and importantly, "personal photographs that are unreplacable." [sic].  *Id.* at 5-6.

Eventually, Officer Willis came by, and Plaintiff told him about Officer White letting the other inmate be in Plaintiff's cell.  *Id.* at 6.  Officer Willis pulled the

inmate from the cell and began walking him back to his proper cell. *Id.* While they were walking, Plaintiff and other inmates told Officer Willis that he should search the other inmate for stolen goods. *Id.* Although he heard the Plaintiff and other inmates, Officer Willis "ignored this purposely and did not search the inmate." *Id.*

When Plaintiff returned to his cell, he assessed the damage and filed a grievance setting out the extent of the damage. *Id.* The Lieutenant and Captain took pictures of Plaintiff's cell. *Id.* Plaintiff gave the grievance and the list of the damage to the Captain. Plaintiff deposited the instant lawsuit into the prison mail system on December 18, 2018.

## II. Analysis

Plaintiff asserted two claims in the "Statement of Claims" section of his Complaint: (1) "My 8th Amendment Right to not be subjected to cruel and unusual punishment has been violated by the Defendants" and (2) "My 14th Amendment Right to Due Process has been violated by the Defendants." ECF Doc. 1. For the following reasons, both claims are squarely foreclosed by case law.

### A. 28 U.S.C. 1915 Prescreening Standard

Because Plaintiff is a prisoner, the Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's " 'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679)).

### B. <u>Eighth Amendment Claims Involving Deprivation of Property</u>

The Eighth Amendment does not authorize judicial reconsideration of every governmental action affecting a prisoner's interests, and, after incarceration, only the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084, 89 L. Ed.

Case No. 3:18cv2396-LC-HTC

2d 251 (1986) (internal quotation marks omitted). *See Moore v. McLaughlin*, 569 F. App'x 656, 659–60 (11th Cir. 2014) (dismissing prisoner's Eighth Amendment claim based on prison guards allegedly stealing packages delivered to prison addressed to Plaintiff because claims involved only lost property, not pain).

Here, Plaintiff did not allege that he suffered any pain because of Defendants' actions, or that these actions involved the infliction of pain. Instead, he complained the Defendants allowed another inmate to destroy or steal his personal property. Additionally, as discussed below, Plaintiff has an adequate state post-deprivation remedy for his lost property. *See Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009). Therefore, Plaintiff's claims do not rise to the level of an Eighth Amendment cruel and unusual punishment claim.

### C. Fourteenth Amendment Claims Involving Deprivation of Property

Plaintiff fares no better on his Fourteenth Amendment claims. "A state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Insofar as Plaintiff asserts that the Defendants deprived him of due process by taking his property, it is well-settled that the Due Process Clause is not offended when a state employee intentionally deprives a prisoner of his property if the State provides him with a meaningful post-deprivation remedy. *See Hudson*, 468 U.S. at

533; *Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (affirming dismissal of inmate's claim about destruction of property as frivolous); *Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009) "Regarding deprivation of property, a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.").

Here, Plaintiff has an available, adequate post-deprivation remedy under state law. "Under Florida law, [a plaintiff] can sue the officers for the conversion of his personal property." *Jackson*, 569 F. App'x at 698 (*citing Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009)). Moreover, any assertion that the Defendants were negligent when they failed to ensure that his property was not damaged, stolen or destroyed does not rise to the level of a Fourteenth Amendment violation. *See Maddox v. Stephens*, 727 F.3d 1109, 1119 (11th Cir. 2013) (stating mere negligence does not rise to the level of a substantive due process violation); *Sanders v. Greene*, No. 3:14-CV-1493-J-34PDB, 2018 WL 1316239, at *22 (M.D. Fla. Mar. 14, 2018), appeal dismissed, No. 18-13046-B, 2018 WL 7134892 (11th Cir. Oct. 1, 2018). Therefore, Plaintiff's claims do not rise to the level of a valid Fourteenth Amendment claim.

### III. Conclusion

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 22nd day of March, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.